UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

RITA TOURIAC, ET AL.                    CIVIL ACTION NO. 6:12-cv-01785

VERSUS                                  JUDGE MINALDI

DR. KASEY CHENEVERT, ET AL.             MAGISTRATE JUDGE HANNA

## MEMORANDUM  RULING

Currently pending before this Court is the plaintiffs' motion to remand (Rec. Doc. 10).  The motion is opposed.  Oral argument was held on September 25, 2012. After review of the pleadings, the relevant jurisprudence, and the arguments advanced by counsel at the hearing on the motion, and for the reasons explained below, the motion is denied.

### FACTUAL BACKGROUND

The plaintiffs in this lawsuit are the surviving children of the late Mary O. Olivier.  Mrs. Olivier was allegedly admitted to Iberia Medical Center on September 4, 2009, suffering from a cerebral embolism with cerebral infarction.  Dr. Kasey Chenevert treated Mrs. Olivier during her hospitalization and allegedly prescribed Plavix with aspirin.  The hospital allegedly sold Plavix to Mrs. Olivier.  Fourteen days later, Mrs. Olivier presented at the hospital emergency room complaining of neck and shoulder pain.  She was treated and released the same day.  Seven days after

that, Mrs. Olivier again presented at the hospital emergency room.  This time, she was allegedly suffering with massive internal bleeding, and she died that day.

The plaintiffs filed this lawsuit in the 16th Judicial District Court, Iberia Parish, Louisiana, seeking to recover for their mother's allegedly wrongful death.  They named as defendants Dr. Chenevert, the hospital, and four companies that allegedly manufactured and marketed Plavix.  They assert medical malpractice, products liability, and redhibition claims against the defendants.  In essence, their claim is that Mrs. Olivier's death was caused by her having taken Plavix, which should not have been prescribed to her.

The defendant pharmaceutical companies – Bristol-Myers Squibb Company, Sanofi-Aventis U.S. LLC, and Sanofi-Aventis U.S. Inc. – removed the action to this forum, alleging that this Court has jurisdiction because the amount in controversy exceeds $75,000 and the parties are diverse in citizenship.  In support of this contention, the removing defendants argue that Dr. Chenevert and the hospital, although alleged to be Louisiana citizens like the plaintiffs, were improperly joined and their presence as defendants in the suit does not destroy diversity.

The plaintiffs then filed the instant motion, seeking to have the lawsuit remanded to state court because the parties are not completely diverse in citizenship.

-2-

<u>A</u><u>NALYSIS</u>

Federal courts exercise limited jurisdiction.[1]  For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal jurisdiction establishes otherwise.[2]  The party invoking the court's subject matter jurisdiction has the burden of establishing the court's jurisdiction.[3]  When a case is removed from state court, as this one was, the removing party bears the burden of showing that federal jurisdiction exists.[4]

In this case, the removing defendants contend that this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which states that United States district courts have original jurisdiction over civil actions when the matter in controversy exceeds $75,000 and the parties are citizens of different states.  Because the plaintiffs' fundamental claim is for the allegedly wrongful death of their mother, there is no dispute that the amount in controversy requirement is satisfied, but an issue remains concerning the parties' diversity of citizenship.

---

[1]  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2]  *Howery*, 243 F.3d at 916.

[3]  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

[4]  *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995).

"The diversity statute requires 'complete diversity' of citizenship:  a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants."[5]  "If, however, the removing party can show that a non-diverse defendant has been improperly joined to defeat diversity jurisdiction, the case may be removed."[6]

In the first amending petition, the plaintiffs allege that they are all Louisiana residents.  The citizenship of a natural person is determined by the state in which he or she is domiciled, and domicile is a combination of both a person's residence and his intent to remain there permanently.[7]  Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[8]  Evidence of a person's place of residence, however, is *prima facie* proof of his domicile.[9]  The plaintiffs have not argued that they are not Louisiana citizens and no contrary evidence has been presented.  Accordingly, the undersigned finds that they are Louisiana citizens.

---

[5]        *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).

[6]        *Murray v. General Motors, L.L.C.*, No. 11-60618, 2012 WL 2005018, at *2 (5th Cir. June 6, 2012).

[7]        *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[8]        *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[9]        *Hollinger*, 654 F.3d at 571.

In their removal notice, the removing defendants established that the pharmaceutical company defendants are citizens of Delaware, New York, and New Jersey.  Those defendants, therefore, are completely diverse from the plaintiffs.

In their first amending petition, the plaintiffs allege that Dr. Chenevert is a Louisiana resident and that the hospital is a political subdivision of the state of Louisiana.  Assuming that these two defendants are Louisiana citizens, but without making a finding in that regard, complete diversity of citizenship would not exist because these defendants would be citizens of the same state as the plaintiffs.

The removing defendants argue, however, that the citizenship of Dr. Chenevert and the hospital should be ignored because they were improperly joined as defendants in the lawsuit.  Just as the removing defendants bear the burden of demonstrating that this Court has jurisdiction, they also bear the burden of establishing that Dr. Chenevert and the hospital were improperly joined.[10]

The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[11]

---

[10]     *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990).

[11]     *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

In their briefing, both the plaintiffs and the removing defendants addressed the issue of improper joinder as it relates to the claims asserted by plaintiffs against Dr. Chenevert and the hospital in this case.  The plaintiffs contend that they have stated valid claims against Dr. Chenevert and the hospital upon which there is a possibility that they might prevail.  They also argue that their failure to invoke a medical review panel with regard to the claims asserted against Dr. Chenevert and the hospital does not bar their claims against Dr. Chenevert and the hospital.  They suggest that it would be efficient to remand the case to state court now because, "[a]fter the conclusion of a medical review panel, Plaintiffs will amend their cause of action against the Plavix Defendants to include the in-state Defendants."[12]

The removing defendants argue that the claims asserted by the plaintiffs against Dr. Chenevert and the hospital are premature, as found in the state court proceeding, and that premature claims under the Louisiana Medical Malpractice Act are disregarded for purposes of diversity jurisdiction.  They further argue that Dr. Chenevert and the hospital were improperly joined as defendants in this lawsuit because there has not yet been a medical review panel decision concerning their treatment of Mrs. Olivier.

---

[12]        Rec. Doc. 10-1 at 5.

In the current posture of this litigation, however, the issue of improper joinder is not actually presented.  The plaintiffs' claims against Dr. Chenevert and the hospital were dismissed before the suit was removed.  On June 25, 2012, the state district court judge granted the hospital's and Dr. Chenevert's exceptions of prematurity and dismissed the plaintiffs' claims against them without prejudice.[13]  Accordingly, neither Dr. Chenevert nor the hospital was a party to the lawsuit when the suit was removed.

"To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal."[14]  Although it is not clear from the parties' briefing whether there was – or was not – an ongoing medical review panel proceeding concerning the claims asserted by the plaintiffs against Dr. Chenevert or the hospital when the suit was removed or whether such a proceeding was undertaken thereafter, there apparently had been no decision by a medical review panel at that time.  Regardless, what is critically important is that neither the doctor nor the hospital was, at the time of removal, a party to the lawsuit.

---

[13]     Rec. Doc. 10-2 at 2-3.

[14]     *Manguno*, 276 F.3d at 723, citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).  See, also, *Federal Sav. & Loan Ins. Corp. v. Griffin*, 935 F.2d 691, 696 (5th Cir. 1991) ("The power to remove is evaluated at the time of removal.")

Therefore, their citizenship cannot be taken into account when evaluating whether the **parties** are diverse in citizenship.

At the time of removal, Dr. Chenevert and the hospital were – and they currently remain – potential parties who might, at some future time, be added as defendants in the lawsuit.  If so, their presence would destroy diversity and require remand.  But that speculative possibility is not a valid basis for remanding the case at this time.  "The courts do not hesitate to deny remand when the only parties actually named in the suit are diverse and the non-diverse medical providers are properly before a medical review panel as required by Louisiana law, even though it is possible, if not likely, these defendants will eventually be joined in the litigation."[15]

The undersigned recognizes the practical problems presented by the interplay between the requirement of Louisiana law that a suit against a qualified medical professional not be initiated until the matter has been reviewed by a medical review panel and the parties' rights to select the forum where the suit will be conducted, but this Court must deal with the facts before it and not engage in speculation about defendants that may be joined at a later time.[16]  Until a medical review panel has

---

[15]      *Fontenot v. Johnson & Johnson*, No. 10-162, 2010 WL 2541187, at *9 (Apr. 30, 2010).

[16]      See, *Audrisch v. Ethicon*, No. 02-0243-M, 2002 WL 32151749, at *2 (W.D. La. Apr. 11, 2002); *Harris v. Brecher*, No. 06-1678, 2007 WL 1296349, at *2 (W.D. La. Apr. 13, 2007); *McQuiston v. Boston Scientific Corp.*, No. 07-1723, 2008 WL 104210, at *1 (W.D. La. Jan. 9, 2008).

issued a ruling, the plaintiffs do not have the right to pursue claims against Dr. Chenevert or the hospital.  Even after the medical review panel rules, there is no guarantee that claims will actually be asserted in this lawsuit against Dr. Chenevert or the hospital.  If a medical review panel ultimately finds no wrongdoing on their parts, the plaintiffs might choose not to sue them.  If the medical review panel does find wrongdoing on their parts, settlements might be negotiated without further litigation.  Therefore, it is purely speculative to assume that Dr. Chenevert or the hospital will later be joined as defendants in this action.  Most important, the propriety of removal must be evaluated as of the time of the removal, not as of some indeterminate future time.  Should the plaintiffs seek to add Dr. Chenevert or the hospital at a later time, and should the court allow the amendment, then this matter would be subject to remand.  But the possibility that a later joinder might defeat diversity and necessitate remand is not grounds to remand at the current time.[17] Currently, the plaintiffs are diverse in citizenship from the defendants, and this court has subject matter jurisdiction over this action.  Accordingly, the plaintiffs' motion for remand is denied.

---

[17]     *Bourne v. Eli Lilly & Company*, No. Civ. A. 05-1212, 2005 WL 2998914, at *2 (W.D. La. Nov. 8, 2005).

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion to remand (Rec. Doc. 10) is

DENIED.

Signed at Lafayette, Louisiana, this 26th day of September 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE